UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CECILIA MEEHAN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    3:08-cv-0877 (WWE) |
| DAVITA, INC.,<br>    Defendant. | :<br>:<br>: |

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Cecilia Meehan brings this action under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a). Defendant DaVita, Inc. has filed a motion to dismiss the third count of plaintiff's complaint for failing to receive a right-to-sue letter from the Connecticut Commission on Human Rights and Opportunities ("CHRO").

In her complaint, plaintiff asserts that she received a right-to-sue letter from the federal Equal Employment Opportunity Commission ("EEOC") on March 12, 2008. She does not, however, make any allegation that she obtained a right-to-sue letter from the CHRO.

The CFEPA provides that an individual who has "timely filed a complaint with the Commission on Human Rights and Opportunities ... and who has obtained a release from the commission ... may also bring an action in the superior court...." Conn. Gen. Stat. § 46a-100. Section 46a-101(a) further states that "no action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission...." Conn. Gen. Stat. § 46a-100(a).

1

Although there is a work-sharing agreement between the CHRO and the EEOC that permits a party asserting a claim under a federal civil rights law such as Title VII to only obtain a right-to-sue letter from a state human rights agency like the CHRO before commencing suit, the inverse does not hold true. That is, the filing of a claim with the EEOC does not necessarily serve as the administrative prerequisite to a court's exercising jurisdiction over a CFEPA claim. See Aukstolis v. AHEPA 58/Nathan Hale Senior Ctr., 2007 U.S. Dist. LEXIS 32984, *12-13 (D. Conn. May 3, 2007); see also Sebold v. City of Middletown, 2007 U.S. Dist. LEXIS 70081, *59-61 (D. Conn. Sept. 21, 2007) ("A right to sue letter from the EEOC does not permit a person to file a claim with the Superior Court on an employment discrimination cause of action without a release of jurisdiction from the CHRO because the right to sue from the EEOC has no legal significance under the CFEPA."); Brewer v. Wilcox Trucking, 1997 Conn. Super. LEXIS 2877 (Conn. Super. Ct. Sept. 26, 1997). For a plaintiff to overcome this threshold, she would need to provide evidence that there was a work-sharing agreement in effect when she filed her administrative complaint with the EEOC. Bogle-Assegai v. Connecticut, 470 F.3d 498, 505 (2d Cir. 2006).

Plaintiff has not asserted that she obtained a right-to-sue letter from the CHRO, nor has she asserted that there was a work-sharing agreement in effect between the CHRO and the EEOC when her administrative complaint was filed on December 29, 2006. Therefore, the Court will grant defendant's motion to dismiss without prejudice. Plaintiff may re-plead her CFEPA claim if she can show compliance with section 46a-100, either by demonstrating a dual-filing arrangement between the EEOC and CHRO on the relevant date or otherwise.

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss as to the third count of plaintiff's complaint without prejudice to re-plead her claim. Plaintiff is instructed to file an amended complaint within ten days of this ruling.

Dated at Bridgeport, Connecticut, this 6th day of November, 2008.

                                          /s/
                                  Warren W. Eginton
                                  Senior United States District Judge